IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 15-cr-00317-CMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

1.     GERMAIN GARCIA,
2.     YOSANDRIS ROGUE DE ESCOBAR,
3.     MATEO POSADA,
4.     MAYDA JAM,
5.     CARLOS RODRIQUEZ-ALFONSO,
6.     JUAN PEREZ,
7.     ROZSA HAJDU,
8.     VICTOR GONZALEZ-GONZALEZ,
9.     VICTOR GARCIA,
10.    JORGE GARCIA-CABELLO,
11.    HECTOR ROGUE DE ESCOBAR,
12.    LILIA GOMEZ,
13.    ALIANET GARCIA-ROMERO,
14.    WILFREDO FIGUEROA DIAZ,
15.    ADALBERTO FERNANDEZ-LINARES,
16.    FELIX BARBARO DONATES-BLANCO,
17.    JESUS FERNANDEZ-DIAZ,
18.    LUIS ARAGON,
19.    MIGUEL MORENO,
20.    JORGE RODRIGUEZ-LEIVA,

        Defendants.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL
## RULE 26.2 AND RULE 16 MATERIAL (DOCKET #283)

---

THE COURT has received the Government's Motion for a Protective Order (Doc. # 283)

concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material,

Fed. R. Crim. P. 49.1, and Fed. R. Crim. P. 16 material disclosed in relation to the above captioned

case.  *See* Title 18 U.S.C. § 3500; Fed. R. Crim. P. 16(a)(2) and 26.2;  *Giglio v. United States*, 405 U.S. 150 (1972);  *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

For good cause, the Court may enter a protective order regulating discovery in a criminal case  pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act.  Title 28 U.S.C. § 1651.

The Court is familiar with the file in this case and has reviewed the motion.  The Government has expressed concerns that the Rule 16, Rule 26.2 and Jencks Act protected documents, such as witness statements, results of photo surveillance, audio files of intercepted communications, audio files of consensually recorded communications, intercepted electronic communications, and written reports or written statements of witnesses or persons assisting law enforcement, shall not be left in the exclusive custody of a defendant.  The Government cites concerns for adverse consequences for witnesses that could stem from the unauthorized publication, duplication, or circulation of certain written documents, possibly to include personal identifying information reflected in NCIC/CCIC types of reports or other records disclosed to the defense in the context of and in relation to official proceedings in the above captioned case.

In the context of pretrial discovery, the Court finds and concludes that the Government's proposed limitations on the use and control of the material disclosed to the defense before trial are reasonable in the circumstances. Encouraging the early disclosure of Jencks Act material and Rule 26.2 material may promote the fair and prompt resolution of the case.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the Government's Motion for a Protective Order at this time.   It is therefore

ORDERED GRANTING Government's Motion for Protective Order (Doc. #283) and that Rule 26.2 material and Jencks Act material, to include witness statements and reports of witness statements or debriefings, and Fed. R. Crim. P. 16 material, personal identifying information such as addresses, dates of birth, and social security numbers for witnesses or other persons, and any NCIC/CCIC reports furnished to the defense in this case shall be used only for official purposes related to judicial proceedings in this case and for no other purpose.   It is

FURTHER ORDERED pursuant to this Order, copies of Rule 26.2 material and Jencks Act material reflecting personal identifying information described above, records showing statements by witnesses, photographs or video files showing defendants or other persons in relation to this case, audio files, summaries of intercepted communications, reports of witness statements or debriefing statements, and transcripts or summaries of testimony shall remain in the physical custody and control of the defense attorneys who have entered their appearance in this case and the confidential employees, associates or other persons working professionally with such defense attorneys.   If the defendant is maintained in custody of the U.S. Marshal, the parties are directed to coordinate with the U.S. Marshal as needed and to ask the U.S. Marshal to make mutually agreeable arrangements for the custodian of the defendant to permit the defendant to peruse electronically stored information in a read-only/audit-only basis.    Such Rue 16, Jencks Act and Rule 26.2 material and identifying information shall not otherwise be left in the exclusive custody of the defendant.     The defendant and other persons assisting the attorneys for the defendant may review the copies of said Rue 16, Rule 26.2 and Jencks Act material, but such review must be accomplished without violating the requirement of this order that the Rule 26.2 and Jencks Act material is to remain, at all times, under the custody and physical control of the U.S. Marshal representative or of the attorneys, either personally or through the custody and control of

confidential employees, associates, or persons working professionally with the attorneys or the U.S. Marshal representative.

The same custodial guidelines shall apply to the use of any photographs, video files, or audio files of persons who are or may become witnesses, and NCIC/CCIC reports provided to the defense for any witnesses pursuant to Rule 16 or otherwise in relation to this case.

Unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Rule 26.2 material, Jencks Act material, and Rule 16 material disclosed to the defense, to include disclosure made through the use of electronic media, shall not be published or publicly circulated by the defense without further order of Court or until its use in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may do so by mutual agreement.  In the event that the defense and the Government disagree or are unclear about the meaning or application of this Order with respect to some document, file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 26.2 material, Jencks Act material, NCIC/CCIC records, audio files, video files, and photographs may be returned to the Government.

DATED:   October 19, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge